**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 11, 2009

Charles R. Fulbruge III
Clerk

No. 08-50739
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARMIN DOLORES MUNOZ-HERRERA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:08-CR-70-1

Before DeMOSS, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Armin Dolores Munoz-Herrera appeals from the sentence imposed following his guilty plea conviction for aiding and abetting the possession with intent to distribute marijuana. The district court sentenced Munoz-Herrera to 46 months of imprisonment and five years of supervised release. On appeal, he argues that his sentence was substantively unreasonable because: (1) the drug-trafficking guideline (U.S.S.G. § 2D1.1) tends to overstate the sentence necessary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in a mine-run case because it is not based upon empirical data; (2) his risk of recidivism is low because he is a first-time offender; and (3) his new daughter, his status as a veteran of the Mexican army, and his steady employment history warranted a lower sentence.

As Munoz-Herrera did not challenge the drug-trafficking guideline as flawed in district court, that challenge is reviewed only for plain error. *See United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008). His challenge to the drug-trafficking guideline based upon its alleged lack of supporting empirical data lacks merit. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009); *Campos-Maldonado*, 531 F.3d at 338-39. Accordingly, his within-guideline sentence is afforded a presumption of reasonableness. *See Mondragon-Santiago,* 564 F.3d at 367. Munoz-Herrera has not shown sufficient reason for this court to disturb that presumption.

The district court's judgment is AFFIRMED.